Zimmerman, J.
For their first assigned error, defendants insist that the Court of Common Pleas erred in overruling their various motions made before and during the trial to require plaintiff to elect upon which one of the several causes of action set forth in the amended petition she would proceed.
It would seem likely that plaintiff’s amended petition is based on form No. 1447 contained in 2 Ohio Procedural Forms, where the source of such form is given as Simpson v. Holmes, Admr., 106 Ohio St., 437, 140 N. E., 395.
As has already been pointed out, plaintiff’s first cause of action is based upon an itemized account detailing the entire services plaintiff claims to have rendered decedent from the date of her employment until such employment ended. Then for her second cause of action, obviously to escape the operation of the statute of limitations, plaintiff alleges an express continuing contract between her and the decedent, pursuant to which she performed services for him of a described kind from August 1, 1940, to January 1, 1951, of the reasonable value of $75 per month.
The third cause of action embraces the services rendered by plaintiff to the decedent under “an implied contract, as well *437 as an express contract” from January 1, 1951 to February 6, 1953. These described services were rendered when the decedent was in a sharp decline both physically and mentally and when the services and attention he required were of a different and more exacting and difficult nature than those previously rendered, and she placed their reasonable value at $10 per day.
Although plaintiff’s amended petition is not recommended as a model of good pleading, there is in reality nothing contradictory or confusing about it. We do not believe it to be fatally defective or that the trial court was under the duty to sustain defendants’ motions to compel an election.
If plaintiff had been required to elect which one cause of action among the three she would pursue, she would have been placed in the position of abandoning a considerable portion of her claim. Had plaintiff been ordered to proceed on the first cause of action alone, the statute of limitations would have precluded her as to a substantial portion of the claim. Had she been required to elect between the second and third causes of action she would likewise have been able to assert only a part of her claim.
Under the circumstances, our opinion is that the trial court did not commit prejudicial error in overruling defendants’ motions as to election. And we are confident the jury was not misled or confused, for the reason that the court painstakingly and thoroughly explained the situation to it.
The other errors assigned relate to the failure of the trial court to direct a verdict for defendants; to the refusal of the court to render judgment for the defendants on the pleadings; to the admission and rejection of evidence; to the general charge; and to the claims that the verdict is not sustained by the evidence and is contrary to law, and that the court erred in overruling defendants’ motion for judgment notwithstanding the verdict.
It will be observed that as to her third cause of action plaintiff alleges “an implied contract, as well as an express contract.” We do not regard this of much consequence. Although it is generally recognized that an express contract and an implied contract cannot coexist with reference to the same subject matter (Hughes v. Oberholtzer, 162 Ohio St., 330, 335, 123 *438 N. E. [2d], 393, 396), ample evidence was presented in this case from which the jury could and apparently did find that plaintiff and decedent entered into a definite oral arrangement whereby she left her own home and went to work for him at his express solicitation and request for as long as she might be needed, and that there was a clear understanding she would be compensated for her services. True, the amount of that compensation was not fixed, but, “if the contract makes no statement as to the price to be paid, the law invokes the standard of reasonableness, and the fair value of the services is recoverable,” and, “where labor or materials are furnished by request and no price is agreed on, the law will imply an agreement to pay what they are reasonably worth.” 12 American Jurisprudence, 878, Section 324. Compare 34 Corpus Juris Secundum, 825 et seq., Executors and Administrators, Section 774; 58 American Jurisprudence, 555, Section 55; Sussdorff v. Schmidt, 55 N. Y., 319, 324.
In the ease of Snider, Exr., v. Rollins, 102 Ohio St., 372, 374, 131 N. E., 733, 734, this court said in a per curiam opinion:
“As to the other ground of error: 'The application of the statute of limitations.’
“It is not contended here that the court wrongly charged the jury in this behalf. The contract was either a continuing contract in entirety during the lifetime of J. W. Snider, or it was a contract from day to day, month to month, or year to year. If the latter, the service rendered would be subject to the six-year statute of limitations, as contended for by plaintiff in error. If on the other hand, it was one entire contract operating during the lifetime of J. W. Snider, then the statute of limitations would not begin to run until the death of said J. W. Snider. There was no finding of fact as to which view the jury adopted, though from the compensation of $4,400 for the six years prior to the death of J. W. Snider, in view of the nature of the service, it may well be inferred that the jury regarded the evidence as showing one entire continuing contract. However, in either event, there was abundant evidence, especially in the nature of admissions to numerous parties, neighbors and friends, made by J. W. Snider in his lifetime, as to an intent and purpose on his part to pay the plaintiff below for the services he rendered.
*439 “It is urged that this policy of the law opens the door wide for fraud upon decedents’ estates. That, however, is largely counterbalanced by the fact that the plaintiff’s mouth is closed and that he must make his proof through outside parties who presumably are more disinterested; and the jury is the first arbiter of whether or not the claims are bona fide and reasonable, and then the courts have a reviewing and supervising jurisdiction to right any wrong committed by the jury.”
The trial court herein charged the jury strictly in accordance with the holding in the Snider case, and there was persuasive evidence before the jury to warrant the finding that there was a continuing contract which terminated only with the death of the decedent. The position taken by this court in the Snider case is abundantly supported. See 54 Corpus Juris Secundum, 51, Limitation of Actions, Section 133.
In their answer defendants allege payment. That is an affirmative defense, as the trial court charged, and the burden rested on defendants to prove it. The evidence showed only that plaintiff may have received something by the sale of eggs and milk from decedent’s farm.
An examination of the bill of exceptions in this case presents a convincing case in favor of the plaintiff. She served the decedent faithfully, well and continuously for a period of more than 12 years, under a promise of payment. The decedent’s other collateral relatives did little or nothing for him, and the jury’s verdict represents substantial justice. There should be no reversal for technical errors.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart and Bell, JJ., concur. Stewart and Taet, JJ., dissent.